UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS VASQUEZ,

                              Plaintiff,

    -against-                                          **COMPLAINT**

ANGELA'S PIZZERIA, VINCENT DIMAIO, and TARA
DIMAIO,

                              Defendants.
------------------------------------------------------------------------X

      Plaintiff, LUIS VASQUEZ ("Plaintiff"), by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, ANGELA'S PIZZERIA ("Angela's"), VINCENT DIMAIO ("V. DiMaio"), and TARA DIMAIO ("T. DiMaio," together with Angela's and V. DiMaio as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), as well as for failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, failure to furnish accurate wage statements for each pay period under NYLL § 195(3), failure to furnish a proper wage notice at Plaintiff's time of hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

      2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

      3.    In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

1

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

5. At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

6. Plaintiff's duties included clearing dishes in the dining area, washing dishes, and preparing and cooking food. In performing his duties, Plaintiff handled or worked with various goods including, but not limited to, cleaning solvents, mops, brooms, food products, lamb, pork, beef, poultry, fish, produce, vegetables, fruits, grains, cheese, dairy products, cookware, and cooking utensils which undoubtedly moved in interstate commerce.

7. Defendant Angela's was and still is a domestic corporation that operates a restaurant located at 192 Islip Avenue, Islip, New York 11751.

8. At all times relevant, Defendant Angela's is and was engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant, Defendant Angela's has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10. Defendant Angela's requires use of a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

11. At all times relevant, Defendant Angela's was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

12. Defendant V. DiMaio was a shareholder and/or officer of Angela's, had authority to make payroll and personnel decisions for Angela's, was active in the day-to-day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of NYLL for the unpaid wages Plaintiff seeks to recover.

13. Defendant T. DiMaio was a shareholder and/or officer of Angela's, had authority to make payroll and personnel decisions for Angela's, was active in the day-to-day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of NYLL for the unpaid wages Plaintiff seeks to recover.

14. At all times relevant, all Defendants have been, and continue to be, "employers" engaged in "interstate commerce" and/or in the production of goods for "commerce" within the meaning of 29 U.S.C. § 203. At all times relevant, Defendants have been, and continue to be, "employers" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

## STATEMENT OF FACTS

15. Plaintiff was employed by Defendants as a dishwasher, food preparer, and general kitchen employee from on or about August 9, 2021, to on or about August 31, 2023. Plaintiff performed non-exempt duties for the Defendants including clearing dishes in the dining area, washing dishes, and preparing and cooking food.

16. Plaintiff was paid a regular weekly rate of pay of $950.00 per week, regardless of the total number of hours he worked each week.

17. Throughout his employment with Defendants, Defendants required Plaintiff to work, and he did in fact work five days per week, Tuesday through Saturday. On each Tuesday through Thursday, Plaintiff typically worked from 10:00 a.m. until at least 9:00 p.m. each day. On each Friday and Saturday, Plaintiff typically worked from 10:00 a.m. until 10:00 p.m. each day. Thus, Plaintiff regularly worked fifty-seven hours each week, and therefore in excess of forty hours per week, throughout his employment.

18. By operation of law, throughout his employment, Defendants failed to pay Plaintiff at any rate of pay, let alone the statutorily required overtime rate of one and one-half times his regular rate of pay, for hours worked in excess of forty hours in violation of the FLSA and NYLL.

19. Throughout his employment with Defendants, Plaintiff often worked more than ten hours in a single day.

20. Defendants failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded 10 hours.

21. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by Plaintiff daily and weekly.

22. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

23. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate in his primary language at his time of hire as required by NYLL § 195(1).

24. Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing the correct number of regular hours worked and the correct number of overtime hours worked in violation of NYLL § 195(3).

25. By failing to properly detail Plaintiff's actual hours worked and rate of pay received for those hours each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that he had been underpaid throughout his employment.

26. With no way to know how much he should have been making, Plaintiff worked for more than two years without discovering that he had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for his time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times his regular rate, in violation of the FLSA.

29. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

30. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: OVERTIME WAGES**

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate him for his time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate, in violation of the New York Labor Law.

33. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

34. Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: SPREAD OF HOURS**

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants willfully failed to pay Plaintiff one additional hour pay at the basic minimum wage rate before allowances for each day where the spread of hours exceeded ten (10) in violation of New York Labor Law.

37. Plaintiff is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE NOTICE**

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

39. Defendant failed to provide Plaintiff with a written notice upon either of his hires, and/or failed to provide same in his primary language, regarding his rates of pay; the basis of his rates of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

40. Due to Defendant's failure to provide Plaintiff with the notice required by NYLL § 195(1), Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of this action.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE STATEMENTS**

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

43. Due to Defendants' failure to provide Plaintiff with the notice required by New York Labor Law §195(3), Defendants are liable to Plaintiff for statutory damages pursuant to New York Labor Law Section 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid overtime wages, spread of hours pay and damages pursuant to New York Labor Law § 198, liquidated damages and pre- and post-Judgment interest;

(iii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(iv) All attorneys' fees and costs incurred in prosecuting these claims; and

(v) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 11, 2025

By: */s/ Matthew J. Farnworth*
_____
Matthew J. Farnworth, Esq.
ROMERO LAW GROUP PLLC
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
mfarnworth@romerolawny.com
*Attorneys for Plaintiff*